1997 ME 116

Yolande Anne **TUCKER**

v.

Patrick **PEPIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 16, 1997.

Decided May 28, 1997.

Yolande Ann Tucker, Stratton, for plaintiff.

John C. Nivison, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Yolande Anne Tucker appeals from the judgment entered in the Superior Court (Franklin County, *Alexander, J.*) that dismissed with prejudice her complaint against Patrick Pepin for personal injuries she sustained when struck by Pepin's truck. Tucker accuses the court of being prejudiced by a prior ruling that ordered a new trial, and challenges the failure of the court to provide her with necessary assistance. We affirm the judgment.

[¶ 2] In December 1992 Tucker filed her complaint against Pepin alleging that she suffered personal injuries when Pepin struck her while backing his vehicle in the parking lot of Pine's Market in Eustis. In July 1994 a second attorney entered an appearance and Tucker's original attorney withdrew. In October 1995 Tucker's second attorney was granted leave to withdraw without objection, and Tucker appeared pro se thereafter. After a four-day trial in November 1995 and a jury verdict in favor of Tucker, the court (*Marden, J.*) vacated the verdict, declared a mistrial, and ordered a new trial.

[¶ 3] The court's nine-page decision stated in detail the difficulties created by Tucker's conduct during the trial. Extraneous and prejudicial information was injected during the trial by Tucker's unsolicited comments. Although her sworn testimony was somewhat limited, Tucker insisted on making statements, allegedly as background to questioning the witness. This conduct continued despite specific instructions from the court to desist. The court concluded that Tucker's conduct resulted "not from ignorance, misunderstanding or inability to hear, but was [conduct] reasonably calculated to present the evidence she wished to bring forth in the manner she deemed most appropriate." The court found that "periods of honest and sincere efforts to ... conduct herself in an appropriate manner" would be followed "minutes later" with violations of the rules or orders and continued complaints "of her ignorance, her defect in hearing, and the 'abandonment' by her attorney." The court reasoned that Tucker's conduct deprived Pepin of a fair trial and induced jury bias and sympathy toward Tucker. We do not have a

complete trial transcript, but the record we have supports the court's findings.

[¶ 4] In March 1996, after a discussion on the record with the parties, the court (*Alexander, J.*) entered a written order on trial preparation. Among other things, the court ordered that Tucker submit her opening statement in writing for review by the court and included the following warning:

Considering the problems with compliance with the express direction of the court indicated in Justice Marden's order vacating the prior judgment, the plaintiff is notified that if at any time she ignores the directions of the court or does not comply with prior orders of the court in her conduct presenting the matter to the jury or in front of the jury, the court may, on motion, or on its initiative, grant a mistrial and dismiss the case with prejudice.

[¶ 5] After the court resolved a discovery dispute by excluding the testimony of a medical doctor, the second jury trial began in April 1996. The court had liberally edited Tucker's written opening statement and, in the absence of the jury, reviewed exactly what Tucker was to say. Minutes later, however, Tucker departed from her prepared opening in addressing the jury. As the court stated, her opening statement "included a number of prejudicial things either totally irrelevant to the case, things that would be inadmissible in evidence, like having to take your dogs to have them put down, for example." Once again, the court found that Tucker was deliberately disobedient of its instructions and concluded "you just don't want to comply with the rules that assure that people get justice in this case."

[¶ 6] Because the record supports the court's findings and because the court gave Tucker ample warning of the consequences, we are satisfied the court acted within the sound exercise of discretion. Moreover, any special assistance that Tucker now claims she was entitled to would not have avoided the necessity of a mistrial.

The entry is:

Judgment affirmed.